## United States Bankruptcy Court
### District of Delaware

In re **Lamar J Robinson-King**                                                              Case No.
                                     Debtor(s)                                               Chapter  **13**

## CHAPTER 13 PLAN

**I. Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

- ☑ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
- ☐ The plan will seek avoidance of a lien or security interest
- ☐ The plan contains nonstandard provisions in paragraph VI

**II. Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of **$615.00 Monthly for 60 months**.

**III. Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
   - ☑ (A) Debtor's Counsel Fees **$3,343.00 (to be paid in the first 9 months)**
   - ☐ (B) Priority Taxes (specify tax and tax year due)
   - ☐ (C) Domestic Support Obligations
   - ☐ (D) Other Priority or Administrative Expenses

2. **Secured Claims**-(boxes must be checked)

   - ☐ Pro-rata with or

   - ☑ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   ☑ (A) Long term or mortgage debt -
   PRE-PETITION ARREARAGE ONLY, to be paid to **Sun West Mortgage Company, Inc.** $**15,000.00** (total amount of pre-petition arrears for the real property (**1225 Garfield Drive Dover, DE 19901** )).
   ☑ Debtor shall continue to make regular post-payments directly to **Sun West Mortgage Company, Inc.** .
   This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

   ☐ (B)  Secured Vehicle debt (cramdown) -

Pro-rata payments to: ____ in the amount of $____ for payment in full of the value of property or in equal monthly payments of $____ per month for the ____. Total payments will be $____.

☑ (C)  Secured Vehicle debt (910 car claim) -
Pro-rata payments to **Wells Fargo Dealer Services** in the full amount of the vehicle claim or in equal monthly payments of $____ per month for the  **2013 Ford Explorer** .  Total payments will be $ **14,824.80 ($13,014.00 @ 5.25%)** . **Adequate protection payments to be made by the Chapter 13 Trustee in the amount of $200.00 per month.**

☐ (D)  Other secured debt:
   Creditor Name                              Amount

3. **Surrender of Collateral and Co-Debtor Relief:**
   ☐ (A) Debtor surrenders secured collateral to:
   _____. Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim, or ☑ a prorata dividend of
   ☐ 1. $____ BIOC or
   ☐ 2. $____ Disp. Income x 60 months as calculated under Section 1325(b), or
   ☑ 3. a pro-rata dividend from the base plan, if any.

**IV. Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:

**V. Vesting of Property:**  Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:**  Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required:**  A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ Lamar J Robinson-King                                           **December 12, 2019**
Debtor's Signature                                                       Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

**/s/ Angelique Crabill**              **December 12, 2019**
Attorney for Debtor(s)              Date

Self-represented Debtor(s)              Date

# **CHAPTER 13 PLAN ANALYSIS**

**Debtors:** Lamar J Robinson-King             **Date:** December 12, 2019

**Case #**

Prior Bankruptcy ( )         Chapter 13 ( )         Trustee Use:
Estimated Length of Plan:
341 Meeting Date:
Continued:
Confirmed Date:

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATE EXPENSES

| | | | |
|---|---|---|---:|
| A. | Total Priority Claims (Class One) | $ | **3,343.00** |
| | 1. Unpaid Attorney's Fees | $ | **3,343.00** |
| | 2. Taxes | $ | **0.00** |
| | 3. Other | $ | **0.00** |
| B. | Total of Payments to Cure Defaults (Class Two) | $ | **15,000.00** |
| C. | Total of Payments to Secured Claims (Class Three) | $ | **14,824.80** |
| D. | Total of Payments on Unsecured Claims (Class Four) | $ | **42.20** |
| E. | Sub-Total | $ | **33,210.00** |
| F. | Total Trustee's Compensation (10% of debtor's payments) | $ | **3,690.00** |
| G. | Total Debt and Administrative Expenses | $ | **36,900.00** |

### RECONCILIATION WITH CHAPTER 7

| | | | | |
|---|---|---|---|---:|
| H. | Interest of Class Four Creditors If Chapter 7 Filed | | | |
| | 1. | Value of debtor's interest in non-exempt property | $ | **0.00** |
| | 2. | Plus: Value of Property Recoverable Under Avoiding Powers | $ | **0.00** |
| | 3. | Less: Estimated Chapter 7 Administrative Expenses | $ | **0.00** |
| | 4. | Less: Amounts Payable to Priority Creditors other than costs of administration | $ | **0.00** |
| | 5. | Equal: Estimated Amount Payable to Class Four Creditors if Chapter 7 Filed (if negative, enter zero) | $ | **0.00** |
| I. | Estimated Dividend for class four under Chapter 7 | | $ | **0.00** |
| J. | Estimated Dividend for class four under Plan | | $ | **0.00** |

Date **December 12, 2019**         Signature **/s/ Lamar J Robinson-King**
**Lamar J Robinson-King**
Debtor

Date **December 12, 2019**         Signature **/s/ Angelique Crabill**
**Angelique Crabill 5479**
Attorney

**Crabill Law, LLC**
**1521 Concord Pike, Ste. 301**
**Wilmington, DE 19803**
**302-476-2224**